# Court of Appeals
# of the State of Georgia

ATLANTA, July 10, 2026

*The Court of Appeals hereby passes the following order:*

## A26D0629. ESTATE OF EDWARD MCNABB.

In this dispossessory action, the magistrate court issued a money judgment and writ of possession in favor of the plaintiff, the Estate of Edward McNabb, on June 2, 2026. The defendant, Kathey Powell, filed this application for discretionary appeal in this Court on July 1, 2026. We, however, lack jurisdiction.

Ordinarily, the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41(b)(1), which allows for appellate review in the state or superior court. *Tate v. Habif*, 367 Ga. App. 435, 438–39(2) (886 SE2d 389) (2023); see also OCGA § 5-3-4(a) (providing that state and superior courts have appellate jurisdiction over final judgments of lower judicatories). Consequently, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See *Westwind Corp. v. Washington Fed. S & L Ass'n*, 195 Ga. App. 411, 411(1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451(3) (391 SE2d 1) (1990). But under the Georgia Constitution, "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11(b). Thus, to the extent a discretionary application may be construed as a petition for review, this Court at times has transferred applications seeking review of magistrate court orders back to the magistrate court with direction to send the case to state or superior court.

Here, however, we decline to construe this filing as a petition for review. Under OCGA § 44-7-56(b)(1), a petition for review must be filed within seven days of the

magistrate court's ruling. *Stubbs v. Local Homes, LLC*, 375 Ga. App. 513, 516–17 (915 SE2d 91) (2025); *Radio Sandy Springs v. Allen Road Joint Venture*, 311 Ga. App. 334, 335–36 (715 SE2d 752) (2011). The deadlines for filing are jurisdictional. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Because Powell failed to seek appellate review within seven days, this application is hereby DISMISSED.



Court of Appeals of the State of Georgia
    Clerk's Office, Atlanta,   07/10/2026

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*